1    HOLLAND & KNIGHT LLP
     Shelley G. Hurwitz (State Bar #217566)
2    400 S. Hope St., 8th Floor
     Los Angeles, California  90071-2040
3    Telephone (213) 896-2400
     Facsimile (213) 896-2450
4    shelley.hurwitz@hklaw.com

5    Attorneys for Defendant
     INFINITY SALES GROUP, LLC
6

7

8                UNITED STATES DISTRICT COURT

9       CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES

10                    WESTERN DIVISION

11

12

13

14   ELI RIDGE, on behalf of himself and        Case No. CV12- 06985 GW(SHx)
     all others similarly situated,

15                  Plaintiff,                   NOTICE OF REMOVAL

16        vs.

17   INFINITY SALES GROUP, LLC and
     DOES 1 through 100, inclusive,,

18
                    Defendant.
19

20

21

22

23

24

25

26

27

28

---
                                  - 1 -

NOTICE OF REMOVAL_____

TO THE HONORABLE JUDGES AND CLERK OF THE COURT:

PLEASE TAKE NOTICE that defendant Infinity Sales Group, LLC ("Infinity") hereby seeks removal to the United States District Court for the Central District of California, Los Angeles Division, of the above-entitled civil action. Pursuant to 28 U.S.C. § 1332(d), 1441, 1446 and 1453, the Court may and should take jurisdiction over this action for all purposes for the following reasons:

## I.  INTRODUCTION

Infinity is a leading national retailer for Fortune 200 partners.  Complaint, ¶8.  It uses targeted direct response campaigns to deliver strategic marketing and brand recognition for its partners.  *Id*  Infinity is the largest authorized retailer for DISH satellite television in North America.  *Id.*

Plaintiff Eli Ridge ("Plaintiff") filed this purported class action on July 16, 2012, alleging that Infinity improperly recorded telephone calls to and from California residents without a warning at the outset of the call that the telephone conversation was being recorded.  Complaint, ¶20.  Plaintiff alleges that Infinity has a policy and practice of recording all telephone conversations.  Complaint, ¶20. The putative class is alleged in the Complaint as:

> All California residents who, at any time during the one-year period of time preceding the filing of the original Complaint and until said practice is terminated, participated in one or more inbound and/or outbound telephone conversations with employees, agents, or representative of Infinity and whose calls were recorded by Infinity and did not receive a warning at the outset of the call that the telephone call was recorded. Complaint, ¶20.

The Complaint states two causes of action: (1) violation of California Penal Code Section 632, and (2) violation of California Penal Code Section 632.7.

NOTICE OF REMOVAL_____

1  Plaintiff seeks an award of $5,000 per a violation for each class member.

2  Complaint, p. 10.

3  **II.  JURISDICTION (CAFA):**

4  Infinity seeks removal of this class action under the Class Action Fairness

5  Act ("CAFA") codified at 28 U.S.C. § 1332(d), which provides this Court with

6  original jurisdiction of this matter and permits Infinity to remove this matter to this

7  Court.  CAFA vests the district courts with original jurisdiction when the aggregate

8  amount in controversy for all putative class members exceeds $5 million (exclusive

9  of interests or costs) and when any member of the putative class of plaintiffs is a

10  citizen of a state different from any defendant.  28 U.S.C. § 1332(d)(2).

11  Specifically, CAFA provides in pertinent part as follows:

12  The district courts shall have original jurisdiction of any civil

13  action in which the matter in controversy exceeds the sum or

14  value of $5,000,000, exclusive of interest and costs, and is a

15  class action in which . . . any member of a class of plaintiffs is a

16  citizen of a State different from any defendant.   28 USC §

17  1332(d)(2)(A).

18  A class action against a non-government entity may be removed under

19  CAFA if: (1) the number of proposed class members is not less than 100; (2) any

20  member of the proposed plaintiff class is a citizen of a state different from any

21  defendant; and (3) the aggregate amount in controversy exceeds $5 million,

22  excluding interest and costs. 28 USC § 1332(d), (d)(5) & 1453(b).

23  These requirements are satisfied in this case.

24  **1.   This is a Class Action**

25  Plaintiff filed this action in the Los Angeles Superior Court on behalf of

26  himself and on behalf of all others similarly situated.  Complaint, ¶20 ("This

27  lawsuit is brought on behalf of an ascertainable statewide Class…").  Plaintiff

28

- 3 -

NOTICE OF REMOVAL_____

1  seeks court certification of the purported class pursuant to California Code of Civil

2  Procedure Section 382.  Complaint, ¶20.

3    CAFA defines a "class action" for the purposes of jurisdiction as follows:

4    any civil action filed under rule 23 of the Federal Rules of Civil

5    Procedure *or similar State statute* or rule of judicial procedure

6    authorizing an action to be brought by 1 or more representative

7    persons as a class action. (emphasis added).

8    California Code of Civil Procedure is the California state statute governing

9  the filing of class actions, and thus is similar to Rule 23.  Plaintiff's claim is thus a

10  "class action" for the purposes of CAFA.

11    **2.    The number of purported class members exceeds 100**

12    Plaintiff purports to represent a class of all California residents during the

13  year preceding the filling of the Complaint who called Infinity and whose calls

14  were recorded without notice at the outset of the call.  Complaint, ¶20.  Plaintiff

15  alleges that there are "more than 100 persons" in the purported class.  Complaint,

16  ¶24.  Therefore, CAFA's minimum putative class size of 100 members is satisfied.

17  See also Declaration of Kenneth Rosen, ¶3.

18    **3.    Diversity exists**

19    In order to satisfy the diversity requirement, CAFA only requires that

20  "any member of the proposed plaintiff class is a citizen of a state different from

21  any defendant."  28 USC §1332(d)(2)(A).  That requirement is met here.

22    Defendant is a Florida limited liability company, with its principal place of

23  business in Boca Raton, Florida.  Complaint, ¶8; See also Exhibit 1, information

24  from the Florida Secretary of State; See also Rosen Declaration ¶2.

25    Plaintiff is a resident of Los Angeles County, California.  Complaint, ¶7.

26  Plaintiff has filed this action on behalf of "California residents".  Complaint, ¶20.

27

28

- 4 -

NOTICE OF REMOVAL_____

1   Thus, because defendant is a citizen of Florida, and Mr. Ridge (and all of the

2   class members he purports to represent are citizens of California), CAFA's

3   diversity of citizenship requirement is satisfied.

4          **5.          The amount in controversy exceeds $5 million**

5          The aggregate amount in controversy, exclusive of interest and costs,

6   exceeds $5 million as required by CAFA.  28 USC 1332(d)(2), (d)(6)[1].

7          Plaintiff seeks an order awarding plaintiff and each member of the class

8   statutory damages of five thousand dollars ($5,000) each per a violation.

9   Complaint, p. 11, (2).  Plaintiff alleges that there are "thousands of class members."

10  Complaint, ¶6.

11         Because Plaintiff has alleged that there are "thousands of class members"

12  and Plaintiff seeks at least $5,000 for each class member, the amount in

13  controversy in this action is over $5 million.

14         Moreover, plaintiff alleges that Infinity recorded all telephone conversation

15  during the class period.  Complaint, ¶1.  Infinity disputes that the proposed class

16  may be certified or that it is liable for any of the claims contained in the Complaint.

17  However, during the year preceding the filing of the Complaint, Infinity received

18  or placed in excess of 1,001 calls to/from California residents in California.

19  Declaration of Ken Rosen, ¶3.  The $5 million aggregate amount in controversy

20  requirement is thus satisfied.  ($5,000 x 1,001 = $5,005,000).

21         Finally, this action does not fall within any of the exclusions to removal

22  jurisdiction recognized by 28 USC §§1332(d) and 1446.

23

24

25

26

27  [1] "In any class action, the claims of the individual class members shall be
aggregated to determine whether the matter in controversy exceeds the sum or
28  value of $5,000,000, exclusive of interest and costs."

- 5 -

III.   **TIMELINESS:**

The Summons and Complaint were served on Infinity on July 24, 2012.
Pursuant to 28 U.S.C. § 1446(b), the instant Notice of Removal has been filed
within 30 days of that date.

3.   **JOINDER OF ALL SERVED DEFENDANTS:** Infinity is the only
named Defendant.

4.   **STATE COURT PLEADINGS:**  Attached hereto as Exhibit 2 are
true and correct copies of all of the process, pleadings and orders in the State Court
action.

5.   **NOTICE TO STATE COURT AND PLAINTIFF OF**
**REMOVAL:**      Removing defendant has served a copy of this Notice of
Removal on the Plaintiff and will file a Notice of Filing Notice of Removal with
the Clerk of the Superior Court of California for the County of Los Angeles.


Dated:  August 13, 2012                    Respectfully submitted,

                                            HOLLAND & KNIGHT LLP


                                            _____
                                            Shelley G. Hurwitz
                                            Attorneys for Defendant
                                            INFINITY SALES GROUP, LLC

NOTICE OF REMOVAL_____

# DECLARATION

# DECLARATION OF KENNETH ROSEN

I, Kenneth Rosen, declare as follows:

    1.    I am the CEO of defendant Infinity Sales Group, LLC ("Infinity"). I make this declaration based upon my own personal knowledge. If called upon to testify, I could and would testify truthfully as follows:

    2.    As the CEO of Infinity, I am aware of and knowledgeable about its corporate structure and business operations. Infinity is a limited liability company organized under the laws of the State of Florida, with its principal place of business in Boca Raton, Florida at 5201 Congress Ave, Suite 150, Boca Raton, FL 33487. Attached hereto as Exhibit 1 is a true and correct copy of information from the website of the Florida Secretary of State evidencing that Infinity is a Florida Limited Liability Company with its principal place of business in the State of Florida.

    3.    I have reviewed data compiled by Infinity regarding the number of telephone calls received by Infinity from residents of the State of California, and the number of calls placed by Infinity to the State of California. Such data was generated from information produced and kept by Infinity in its regular course of business.

    3.    For the year preceding July 16, 2012, the number of calls to and from California residents substantially exceeded 1,001 calls.

    I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on August 13, 2012 at Boca Raton, Florida.

_____
Kenneth Rosen

DECLARATION OF KENNETH ROSEN

# EXHIBIT 1



## FLORIDA DEPARTMENT OF STATE
## DIVISION OF CORPORATIONS

| Home | Contact Us | E-Filing Services | Document Searches | Forms | Help |

Previous on List    Next on List    Return To List

Events    No Name History

Entity Name Search

[Submit]

# Detail by Entity Name

## Florida Limited Liability Company

INFINITY SALES GROUP, LLC

## Filing Information

| | |
|---|---|
| **Document Number** | L08000079850 |
| **FEI/EIN Number** | 263218128 |
| **Date Filed** | 08/20/2008 |
| **State** | FL |
| **Status** | ACTIVE |
| **Last Event** | LC AMENDMENT |
| **Event Date Filed** | 11/04/2010 |
| **Event Effective Date** | NONE |

## Principal Address

5201 CONGRESS AVE
SUITE 150
BOCA RATON FL 33487

Changed 04/01/2011

## Mailing Address

5201 CONGRESS AVE
SUITE 150
BOCA RATON FL 33487

Changed 04/01/2011

## Registered Agent Name & Address

INFINITY PROPERTY FUND INCORPORATED
5201 CONGRESS AVE
SUITE 150
BOCA RATON FL 33487 US

Name Changed: 08/03/2012

Address Changed: 04/01/2011

## Manager/Member Detail

**Name & Address**

Title MGR

INFINITY PROPERTY FUND INCORPORATED
5201 CONGRESS AVENUE
BOCA RATON FL 33487

## Annual Reports

EXHIBIT 1

**Report Year  Filed Date**
2011          04/01/2011
2012          03/12/2012
2012          08/03/2012

## Document Images

08/03/2012 -- ANNUAL REPORT          [ View image in PDF format ]

03/12/2012 -- ANNUAL REPORT          [ View image in PDF format ]

04/01/2011 -- ANNUAL REPORT          [ View image in PDF format ]

11/04/2010 -- LC Amendment           [ View image in PDF format ]

04/12/2010 -- ANNUAL REPORT          [ View image in PDF format ]

07/13/2009 -- LC Amendment           [ View image in PDF format ]

05/22/2009 -- LC Amendment           [ View image in PDF format ]

03/20/2009 -- ANNUAL REPORT          [ View image in PDF format ]

09/16/2008 -- LC Amendment           [ View image in PDF format ]

09/04/2008 -- LC Amendment           [ View image in PDF format ]

08/20/2008 -- Florida Limited Liability  [ View image in PDF format ]

Note: This is not official record. See documents if question or conflict.

---

Previous on List     Next on List        Return To List                              Entity Name Search

Events               **No Name History**                                             [ Submit ]

---

| Home | Contact us | Document Searches | E-Filing Services | Forms | Help |

Copyright © and Privacy Policies
State of Florida, Department of State

# EXHIBIT 2

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

INFINITY SALES GROUP, LLC & DOES 1-100

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ELI RIDGE, on Behalf of Himself and All Others Similarly Situated,

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

JUL 16 2012

John A. Clarke, Executive Officer/Clerk
by _____, Deputy
Amber LaFleur-Clayton

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*  Central District<br><br>Los Angeles Superior Court, 111 North Hill Street, Los Angeles, CA | CASE NUMBER:<br>*(Número del Caso):*<br>BC488462 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Zev B. Zysman, LAW OFFICES OF ZEV B. ZYSMAN, 15760 Ventura Blvd., Ste. 1915, Encino, CA 91436

| DATE:<br>*(Fecha)* | John A. Clarke | Clerk, by<br>*(Secretario)* | AMBER LaFLEUR-CLAYTON | , Deputy<br>*(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

JUL 16 2012

1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [X] on behalf of *(specify):* INFINITY SALES GROUP, LLC

   under: [ ] CCP 416.10 (corporation)       [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation) [ ] CCP 416.70 (conservatee)
          [X] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
          [ ] other *(specify):*
4. [X] by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | SUMMONS | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |
|---|---|---|



EXHIBIT 2

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

JUL 16 2012

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
A.E. LaFLEUR-CLAYTON

1  LAW OFFICES OF ZEV B. ZYSMAN
   Zev B. Zysman (176805)
2  15760 Ventura Boulevard, Suite 1915
   Encino, CA 91436
3  Telephone:  (818) 783-8836
   Facsimile:   (818) 783-9985
4
   *Attorneys for Plaintiff and*
5  *the Proposed Class*

6

7

8           SUPERIOR COURT OF THE STATE OF CALIFORNIA

9              FOR THE COUNTY OF LOS ANGELES

10                                          BC488462

11  ELI RIDGE, on Behalf of Himself and All    )  Case No:
    Others Similarly Situated,                 )
12                                             )  CLASS ACTION
                       Plaintiff,              )
13                                             )  COMPLAINT FOR:
            v.                                 )
14                                             )
    INFINITY SALES GROUP, LLC and DOES 1       )  STATUTORY DAMAGES AND
15  through 100, inclusive,                    )  INJUNCTIVE RELIEF
                                               )
16                                             )
                                               )  DEMAND FOR JURY TRIAL
17                     Defendants.             )
                                               )
18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT

Plaintiff Eli Ridge ("Plaintiff"), brings this action against defendant Infinity Sales Group LLC ("Infinity" or "Defendant") and Does 1-100 on behalf of himself, and all others similarly situated, upon information and belief, except as to his own actions, the investigation of his counsel, and the facts that are a matter of public record, as follows:

## INTRODUCTION

1.     This class action arises out of Defendant's unlawful recording of Plaintiff's and the Class Members' telephone conversations without first obtaining caller consent in violation of California's Invasion of Privacy Act, California Penal Code § 630, *et seq*.  As alleged herein, Defendant has a policy and practice of intentionally and surreptitiously recording all telephone conversations.

2.     Specifically, Defendant's acts and practices violates Penal Code § 632, which prohibits the recording of confidential communications made by telephone without the consent of all parties to the communication, and Penal Code § 632.7, which prohibits the recording of any communication made from a cellular or cordless telephone without the consent of all parties to the communication.  Penal Code §§ 632 and 632.7 are violated the moment the recording is made without the consent of all parties thereto, regardless of whether it is subsequently disclosed.  The only intent required is that the act of recording itself be done intentionally.  There is no requisite intent on behalf of the party doing the surreptitious recording to break California law, or to invade the privacy rights of any other person.

3.     Plaintiff does not seek any relief greater than or different from the relief sought for the Class of which Plaintiff is a member.  If successful, this action will enforce an important right affecting the public interest and will confer a significant benefit, whether pecuniary or non-pecuniary, on a large class of persons.  Private enforcement is necessary and places a disproportionate financial burden on Plaintiff in relation to Plaintiff's stake in this matter.

## JURISDICTION AND VENUE

4.     This Court has subject matter jurisdiction over the cause of actions asserted herein pursuant to Article VI, § 10 of the California Constitution, California Penal Code §§ 632, 632.7 and 637.2.  In the aggregate, the damages caused to the members of the Class as defined below

1  exceed the jurisdictional minimum of this Court, but neither the Plaintiff nor any member of the

2  Class individually has suffered damages of, at least, $75,000.

3       5.     This Court has jurisdiction over the Defendant named herein because Defendant

4  does sufficient business in California, has sufficient minimum contacts with California or

5  otherwise intentionally avails itself of the markets within California through its sales, advertising

6  and marketing to render the exercise of jurisdiction by California courts and the application of

7  California law to the claims of the Plaintiff permissible under traditional notions of fair play and

8  substantial justice.  Further, there is no federal question at issue as the claims herein are based

9  solely on California law.

10       6.     Venue is proper in this Court since, as detailed below, the named Plaintiff is a

11  resident of this County, a substantial number of Defendant's acts occurred in this County, and

12  Defendant received substantial compensation from sales of its products in this County by doing

13  business here.  Thus, as to the named Plaintiff and thousands of Class members, certain liability

14  of the Defendant arose in part in this County.

15                        **THE PARTIES**

16      A.    **Plaintiff**

17       7.     Plaintiff Eli Ridge (herein referred to as "Plaintiff") is a resident of Los Angeles

18  County, California.   It is alleged that from May 2012 through June 2012, Plaintiff had telephonic

19  communications with certain employees, agents and/or representatives of Defendant.  Plaintiff is

20  informed and believes and thereon alleges, that each of these conversations were recorded by

21  Defendant, causing harm and damage to Plaintiff.

22      B.    **Defendant**

23       8.     Defendant Infinity Sales Group LLC (herein referred to as "Infinity") is a Florida

24  limited liability company, headquartered and with its principal place of business located in Boca

25  Raton, Florida.  Infinity is a leading national retailer for Fortune 200 partners.  Infinity uses

26  targeted direct response campaigns to deliver strategic marketing and brand recognition for its

27  partners.  Infinity is the largest authorized retailer for DISH satellite television in North America.

28  Plaintiff is informed and believes, and based thereon alleges, that Infinity's employees, agents

1   and representatives are directed, trained and instructed to, and do, record all incoming and

2   outgoing calls to prospective customers, including residents of California.

3       C.     Doe Defendants

4       9.     The true names and capacities of Defendants sued in this Complaint as Does 1

5   through 100, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants

6   by such fictitious names.  Plaintiff will amend this Complaint to reflect the true names and

7   capacities of the Defendants designated herein as Does 1 through 100 when such identities

8   become known.

9       D.     Agency/Aiding And Abetting

10      10.    At all times herein mentioned, Defendants, and each of them, were an agent or

11  joint venturer of each of the other Defendants, and in doing the acts alleged herein, were acting

12  within the course and scope of such agency.  Each Defendant had actual and/or constructive

13  knowledge of the acts of each of the other Defendants, and ratified, approved, joined in,

14  acquiesced and/or authorized the wrongful acts of each co-defendant, and/or retained the benefits

15  of said wrongful acts.

16      11.    Defendants, and each of them, aided and abetted, encouraged and rendered

17  substantial assistance to the other Defendants in breaching their obligations to Plaintiff and the

18  class, as alleged herein.  In taking action, as particularized herein, to aid and abet and

19  substantially assist the commissions of these wrongful acts and other wrongdoings complained

20  of, each of the Defendants acted with an awareness of its primary wrongdoing and realized that

21  its conduct would substantially assist the accomplishment of the wrongful conduct, wrongful

22  goals, and wrongdoing.

23      12.    All allegations in this Complaint are based on information and belief and/or are

24  likely to have evidentiary support after a reasonable opportunity for further investigation or

25  discovery.  Whenever allegations in this Complaint are contrary or inconsistent, such allegations

26  shall be deemed alternative.

27

28

CLASS ACTION COMPLAINT                    3

## CONDUCT GIVING RISE TO THE VIOLATIONS OF THE LAW

A.      **Plaintiff's Contact with Defendant**

13.     In May 2012, Plaintiff called the toll free telephone number for Infinity printed on an advertisement for a promotional offer for DISH Network Service through Infinity.  During the telephone call, Plaintiff revealed sensitive, private and confidential information, including but not limited to personal and financial information such as his cellular telephone number, residential address, date of birth, social security number and credit card number.  At no point during this inbound call was Plaintiff ever informed that his call was being recorded.  At no time did Plaintiff give his consent for the telephone call to be recorded.

14.     Subsequently, in May 2012, Plaintiff received a series of outbound telephone messages on his cellular telephone from employees, agents, or representatives of Infinity.

15.     In June 2012, Plaintiff called Infinity to follow up on the messages left on his cellular telephone.  Thereafter, Infinity made another outbound call to Plaintiff on his cellular telephone.  During that outbound conversation, Plaintiff again provided his confidential information, including but not limited to his telephone number, residential address, date of birth, social security number and credit card number.  At no point during this outbound call was Plaintiff ever informed that his call was being recorded.  At no time did Plaintiff give his consent for the telephone call to be recorded.

B.      **Defendant's Conduct Violated Penal Code § 630 *et seq*.**

16.     Plaintiff is informed and believes and thereon alleges, that Defendant recorded each of these inbound and outbound telephone conversations. Defendant failed to verbally warn Plaintiff, at the outset of each telephone conversation, of Defendant's intent to record the conversation.  Defendant failed to provide an automated, pre-recorded warning or a periodically repeated, audible "beep tone" or other sound throughout the duration of each such call to warn Plaintiff that the conversation was being recorded.  Because Defendant failed to warn Plaintiff at the outset of these telephone conversations that the call was being recorded, Plaintiff was deprived of the ability to either decline to participate in a recorded call or to modify the tone or

1    speech to account for the fact that the conversation is being recorded.  Plaintiff did not provide

2    Defendant with consent to record these telephone conversations.

3           17.     Plaintiff is further informed and believes and thereon alleges, that during the

4    Class Period, Defendant has utilized certain computer hardware and software technology ("Call

5    Recording Technology") to execute a company-wide policy and practice of recording all inbound

6    and outbound telephone conversations with consumers.

7           18.     Plaintiff is further informed and believes and thereon alleges, that Defendant

8    installed and/or utilized Call Recording Technology on all of its consumer-facing telephone lines.

9    This Call Recording Technology enabled Defendant to record all of its telephone conversations

10   with consumers, and allowed them to store these recordings for various business purposes.

11          19.     Plaintiff is further informed and believes and thereon alleges, that Defendant's

12   employees, agents, and representatives were directed, trained, and instructed to, and did record

13   inbound and outbound conversations with consumers, without the knowledge or consent of

14   consumers.

15                      **PLAINTIFF'S CLASS ACTION ALLEGATIONS**

16          20.     This lawsuit is brought on behalf of an ascertainable statewide Class consisting of

17   the following (the "Class"):

18          All California residents who, at any time during the one-year period of time

19          preceding the filing of the original Complaint and until said practice is terminated,

20          participated in one or more inbound and/or outbound telephone conversations with

21          employees, agents, or representatives of Infinity and whose calls were recorded by

22          Infinity and did not receive a warning at the outset of the call that the telephone

23          conversation was recorded.

24          21.     Excluded from the Class is Defendant, its corporate parents, subsidiaries and

25   affiliates, officers and directors, any entity in which Defendant has a controlling interest, and the

26   legal representatives, successors or assigns of any such excluded persons or entities.

27

28

---

CLASS ACTION COMPLAINT                           5

22.     Plaintiff reserves the right to amend or otherwise alter the Class definition presented to the Court at the appropriate time, or propose or eliminate subclasses, in response to facts learned through discovery, legal argument advanced by Defendant, or otherwise.

23.     This action has been brought and may properly be maintained as a class action pursuant to California Code of Civil Procedure § 382, and case law thereunder, to which the California trial courts have been directed by the California Supreme Court to look for guidance.

24.     The members of the Class are so numerous that joinder of all members is impracticable.  While the exact number of Class members is unknown to Plaintiff at this time, Plaintiff estimates that there are more than 100 persons.  Moreover, Plaintiff alleges that the precise number of Class members and their location can be ascertained though appropriate discovery and Defendant's own records.  This information may then be used to contact potential Class members.

25.     There is a well-defined community of interest in the questions law and fact affecting the parties represented in this action.

26.     Common questions of law and fact exist as to all members of the Class.  These common questions predominate over the questions affecting only individual  members of the Class.

27.     Among the questions of law and fact common to the Class are, *inter alia*:

a.     Whether Defendant had a policy and practice of recording all inbound and/or outbound telephone conversations with consumers;

b.     Whether Defendant installed Call Recording Technology to implement its policy of recording all inbound and/or outbound telephone conversations with consumers;

c.     Whether Defendant's employees, agents, or representatives were directed, trained, and instructed to, and did, record all of the Defendant's inbound and/or outbound telephone conversations with consumers in order to implement the Defendant's policy and practice of recording all telephone conversations with consumers;

d.     Whether Defendant's policy and practice of recording all inbound and/or outbound telephone conversations with consumers included a policy and practice of warning

CLASS ACTION COMPLAINT                        6

1  Class members, including the Plaintiff, at the outset of each recorded telephone conversation that
2  the telephone conversation was recorded;

3       e.    Whether Defendant failed to warn Class members who participated in an inbound
4  and/or outbound telephone conversation with the Defendant that the telephone conversation was
5  recorded;

6       f.    Whether Defendant's recording of Plaintiff's and Class members' inbound and/or
7  outbound telephone conversations without warning constitutes violations of California Penal
8  Code § 632;

9       g.    Whether Defendant's recording of Plaintiff's and Class members' inbound and/or
10  outbound telephone conversations without warning constitutes violations of California Penal
11  Code § 632.7;

12       h.    Whether Class members are entitled to statutory damages of five thousand dollars
13  ($5,000) under California Penal Code § 637.2 for every violation of California Penal Code
14  §§ 632 and/or 632.7; and

15       i.    Whether Class members are entitled to injunctive relief under California Penal
16  Code § 637.2(b) to enjoin or restrain the Defendant from committing further violations of
17  California Penal Code §§ 632 and/or 632.7.

18      28.    Plaintiff's claims are typical of those of the other Class members because
19  Plaintiff, like every other Class member, was exposed to virtually identical conduct. Plaintiff
20  alleges that Defendant systematically recorded all inbound and/or outbound telephone
21  conversations without warning all parties to these confidential communications that the
22  conversations were recorded, in violation of the privacy rights of the Plaintiff and the Class. The
23  harm that Plaintiff suffered and all other Class members suffered arose from, and was caused by,
24  the same conduct by Defendant. Defendant has acted, or refused to act, on grounds generally
25  applicable to the Class, thereby making injunctive relief and statutory damages pursuant to
26  California Penal Code § 637.2 appropriate with respect o the Class as a whole.

27
28

---

29.     Plaintiff can fairly and adequately represent the interests of the Class, he has no conflicts of interest with other Class members, is subject to no unique defenses, and has retained counsel competent and experienced in the prosecution of class actions.

30.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy because joinder of all members is impracticable, the likelihood of individual Class members prosecuting separate claims is remote and individual Class members do not have a significant interest in individually controlling the prosecution of separate actions. Relief concerning Plaintiff's rights under the laws alleged herein and with respect to the Class as a whole would be appropriate.  Plaintiff knows of no difficulty to be encountered in the management of this action which would preclude its maintenance as a class action.

31.     Plaintiff explicitly reserves the right to add additional class representatives, provided that Defendant is given an opportunity to conduct discovery on the chosen representative(s).  Plaintiff will identify and propose class representatives with the filing of Plaintiff's motion for class certification.

**FIRST CAUSE OF ACTION**

**FOR VIOLATIONS OF CALIFORNIA PENAL CODE § 632**

**(By Plaintiff and the Class Against Defendant)**

32.     Plaintiff re-alleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint, as though fully set forth herein.

33.     California Penal Code § 632 prohibits the intentional recording of a confidential communication without the consent of all parties to the communication.  Defendant has violated Penal Code § 632 in its telephone conversations with Plaintiff and the Class.  Defendant, as a standard business practice, has intentionally recorded confidential communications with Plaintiff and other Class members alike without obtaining their consent.

34.     These telephone conversations have all been confidential in nature within the meaning of Penal Code § 632 because Plaintiff and the Class had an objectively reasonable expectation that their conversations were not being recorded.  The existence of a reasonable

expectation of privacy is supported by the fact that: (1) Defendant is required by law to inform persons it calls or receives calls from of its intent to record the calls; (2) Businesses that record telephone calls customarily do so inform the persons they call or receive calls from; and (3) Defendant did not inform Plaintiff and Class members who were located in California that their telephone calls were being recorded, nor did it seek to obtain their consent to record.  Moreover, the reasonable expectation of Plaintiff and the Class is further supported by the fact that the telephone calls pertained to personal and financial information.

35. Plaintiff is informed and believes and thereon alleges, that Defendant installed and/or caused to be installed Call Recording Technology on the telephone lines of all employees, agents, or representatives of Defendant who made or received consumer-facing telephone calls.

36. Plaintiff is informed and believes and thereon alleges, that Defendant maintained and utilized this Call Recording Technology with the intent to record each and every telephone conversation with consumers, and carry out Defendant's policy of recording each and every telephone conversation with consumers.

37. Plaintiff is informed and believes and thereon alleges, that Defendant directed, trained, and instructed its employees, agents, or representatives to  record all inbound and outbound conversations with consumers in order to carry out this policy and practice.

38. Plaintiff is informed and believes and thereon alleges, that Defendant's policy and practice of recording all telephone conversations with consumers failed to include a policy and practice that its employees, agents, or representatives warn Class members, including Plaintiff, who participated in telephone calls with Defendant, at the outset of each call that the telephone conversation was being recorded by Defendant.

39. Plaintiff is informed and believes and thereon alleges, that Defendant failed to warn the Class members, including the Plaintiff, at the outset of each and every telephone conversation initiated or received by Defendant that the conversation was recorded.

40. Defendant violated California Penal Code § 632 by recording telephone conversations with Class members, including Plaintiff, without the consent of all parties to these conversations.

CLASS ACTION COMPLAINT                                    9

41.     Due to these violations as set forth herein, Plaintiff and the Class are entitled to an award of five thousand dollars ($5,000) per violation pursuant to California Penal Code § 637.2, even in the absence of proof of actual damages, an amount deemed proper by the California Legislature.  Plaintiff and the Class are also entitled to injunctive relief to enjoin further violations.

42.     Plaintiff and Class members are entitled to recover reasonable attorneys' fees pursuant to California Code of Civil Procedure § 1021.5, the substantial benefit doctrine and/or the common fund doctrine.

## SECOND CAUSE OF ACTION

## FOR VIOLATIONS OF CALIFORNIA PENAL CODE § 632.7

### (By Plaintiff and the Class Against Defendant)

43.     Plaintiff re-alleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint, as though fully set forth herein.

44.     California Penal Code § 632.7 prohibits the intentional recording of any communication without the consent of all parties where one of the parties to the communication is using a cellular or cordless telephone.   Defendant has violated Penal Code § 632.7 in its telephone conversations with Plaintiff and the Class.  Defendant, as a standard business practice, has intentionally recorded communications with Plaintiff and the Class members, while using cellular or cordless telephones, without obtaining their consent.  Defendant did not provide any warning to Plaintiff and the Class members, at the outset of these conversations, of Defendant's intent to record the conversations.

45.     Defendant intentionally recorded the cellular and/or cordless telephone conversations of Plaintiff and the Class in violation of Penal Code § 632.7.

46.     Due to these violations as set forth herein, Plaintiff and the Class are entitled to an award of five thousand dollars ($5,000) per violation pursuant to California Penal Code § 637.2, even in the absence of proof of actual damages, an amount deemed proper by the California Legislature.  Plaintiff and the Class are also entitled to injunctive relief to enjoin further violations.

47.     Plaintiff and Class members are entitled to recover reasonable attorneys' fees pursuant to California Code of Civil Procedure § 1021.5, the substantial benefit doctrine and/or the common fund doctrine.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and members of the Class, prays for judgment against Defendant as follows:

1.     For an order certifying this matter as a class action;

2.     For an order awarding Plaintiff and each member of the Class statutory damages of five thousand dollars ($5,000) per violation under California Penal Code § 637.2;

3.     For appropriate injunctive relief under California Penal Code § 637.2(b);

4.     For an award of attorneys' fees as authorized by statute including, but not limited to, the provisions of California Code of Civil Procedure § 1021.5, and as authorized under the "common fund" doctrine, and as authorized by the "substantial benefit" doctrine;

5.     For costs of the suit incurred herein;

6.     For prejudgment interest at the legal rate; and

7.     For such other and further relief as the Court may deem proper.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury for Plaintiff and the Class as to all issues so triable.

Dated: July 13, 2012

LAW OFFICES OF ZEV B. ZYSMAN
Zev B. Zysman

By: _____
        Zev B. Zysman

15760 Ventura Boulevard, Suite 1915
Encino, CA 91436
Telephone:     (818) 783-8836
Facsimile:      (818) 783-9985

*Attorneys for Plaintiff and
the Proposed Class*

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Zev B. Zysman (176805)<br>LAW OFFICES OF ZEV B. ZYSMAN<br>15760 Ventura Boulevard, Suite 1915, Encino, CA 91436<br><br>TELEPHONE NO.: (818) 783-8836     FAX NO.: (818) 783-9985<br>ATTORNEY FOR *(Name):* ELI RIDGE | CONFORMED COPY<br>OF ORIGINAL FILED<br>Los Angeles Superior Court<br><br>JUL 16 2012<br><br>John A. Clarke, Executive Officer/Clerk<br>By _FLEUR CONTRA_, Deputy |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES |
|---|
| STREET ADDRESS: 111 N. Hill Street |
| MAILING ADDRESS: 111 N. Hill Street |
| CITY AND ZIP CODE: Los Angeles, CA 90012-3014 |
| BRANCH NAME: Central District - Stanley Mosk Courthouse |

| CASE NAME: |
|---|
| Eli Ridge v. Infinity Sales Group, LLC |

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | BC488462 |
| | | | JUDGE: |
| | | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

**1. Check one box below for the case type that best describes this case:**

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400–3.403) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Construction defect (10) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | [ ] Insurance coverage claims arising from the |
| [ ] Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | types (41) |
| [✓] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Petition re: arbitration award (11) | [ ] Other petition *(not specified above)* (43) |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

**2.** This case [ ] is [✓] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
  a. [ ] Large number of separately represented parties            d. [ ] Large number of witnesses
  b. [ ] Extensive motion practice raising difficult or novel        e. [ ] Coordination with related actions pending in one or more courts
       issues that will be time-consuming to resolve                  in other counties, states, or countries, or in a federal court
  c. [ ] Substantial amount of documentary evidence               f. [✓] Substantial postjudgment judicial supervision

**3.** Remedies sought *(check all that apply):* a. [✓] monetary   b. [✓] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
**4.** Number of causes of action *(specify):* Two
**5.** This case [✓] is [ ] is not   a class action suit.
**6.** If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: July 13, 2012
Zev B. Zysman, Esq.
_____
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |
|---|---|---|

American LegalNet, Inc.
www.FormsWorkflow.com

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice–Physicians & Surgeons
    Other Professional Health Care Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award *(not unpaid taxes)*
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint Case *(non-tort/non-complex)*
    Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

| SHORT TITLE | CASE NUMBER |
|---|---|
| Eli Ridge v. Infinity Sales Group, LLC | B C 4 8 8 4 6 2 |

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

| This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court. |
|---|

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES   CLASS ACTION? ☑ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 10   ☐ HOURS/ ☑ DAYS

Item II. Select the correct district and courthouse location (4 steps -- If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column A, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column B below which best describes the nature of this case.

**Step 3:** In Column C, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

| Applicable Reasons for Choosing Courthouse Location (see Column C below) |
|---|

1. Class Actions must be filed in the County Courthouse, Central District.
2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A.<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death -- Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage<br>☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2.<br>2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons<br>☐ A7240  Other Professional Health Care Malpractice | 1., 2., 4.<br>1., 2., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | ☐ A7250  Premises Liability (e.g., slip and fall)<br>☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270  Intentional Infliction of Emotional Distress<br>☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4.<br>1., 2., 4.<br>**1., 2., 3.**<br>1., 2., 4. |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☑ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | (1.), 2., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 1 of 4

| SHORT TITLE | CASE NUMBER |
|---|---|
| Eli Ridge v. Infinity Sales Group, LLC | |

**Non-Personal Injury/Property Damage/Wrongful Death Tort (Cont'd.)** | **Employment** | **Contract** | **Real Property** | **Unlawful Detainer** | **Judicial Review**

| A<br>Civil Case Cover<br>Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons<br>-See Step 3 Above |
|---|---|---|
| Professional<br>Negligence<br>(25) | ☐  A6017  Legal Malpractice<br>☐  A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3.<br>1., 2., 3. |
| Other (35) | ☐  A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| Wrongful Termination<br>(36) | ☐  A6037  Wrongful Termination | 1., 2., 3 |
| Other Employment<br>(15) | ☐  A6024  Other Employment Complaint Case<br>☐  A6109  Labor Commissioner Appeals | 1., 2., 3.<br>10. |
| Breach of Contract/<br>Warranty<br>(06)<br>(not insurance) | ☐  A6004  Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful eviction)<br>☐  A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐  A6019  Negligent Breach of Contract/Warranty (no fraud)<br>☐  A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 2., 5.<br>2., 5.<br>1., 2., 5.<br>1., 2., 5. |
| Collections<br>(09) | ☐  A6002  Collections Case-Seller Plaintiff<br>☐  A6012  Other Promissory Note/Collections Case | 2., 5., 6.<br>2., 5. |
| Insurance Coverage<br>(18) | ☐  A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| Other Contract<br>(37) | ☐  A6009  Contractual Fraud<br>☐  A6031  Tortious Interference<br>☐  A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 5.<br>1., 2., 3., 5.<br>1., 2., 3., 8. |
| Eminent<br>Domain/Inverse<br>Condemnation (14) | ☐  A7300  Eminent Domain/Condemnation        Number of parcels_____ | 2. |
| Wrongful Eviction<br>(33) | ☐  A6023  Wrongful Eviction Case | 2., 6. |
| Other Real Property<br>(26) | ☐  A6018  Mortgage Foreclosure<br>☐  A6032  Quiet Title<br>☐  A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6.<br>2., 6.<br>2., 6. |
| Unlawful Detainer-<br>Commercial (31) | ☐  A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer-<br>Residential (32) | ☐  A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer-<br>Drugs (38) | ☐  A6022  Unlawful Detainer-Drugs | 2., 6. |
| Asset Forfeiture (05) | ☐  A6108  Asset Forfeiture Case | 2., 6. |
| Petition re Arbitration<br>(11) | ☐  A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |

LACIV 109 (Rev. 01/07)

LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

LASC, rule 2.0

Page 2 of 4

| SHORT TITLE | CASE NUMBER |
|---|---|
| Eli Ridge v. Infinity Sales Group, LLC | |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review (Cont'd.)** | Writ of Mandate<br><br>(02) | ☐ A6151  Writ - Administrative Mandamus<br>☐ A6152  Writ - Mandamus on Limited Court Case Matter<br>☐ A6153  Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| | Other Judicial Review<br>(39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade<br>Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction defect | 1., 2., 3. |
| | Claims Involving Mass<br>Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage<br>Claims from Complex<br>Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment<br><br>(20) | ☐ A6141  Sister State Judgment<br>☐ A6160  Abstract of Judgment<br>☐ A6107  Confession of Judgment (non-domestic relations)<br>☐ A6140  Administrative Agency Award (not unpaid taxes)<br>☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112  Other Enforcement of Judgment Case | 2., 9.<br>2., 6<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above)<br><br>(42) | ☐ A6030  Declaratory Relief Only<br>☐ A6040  Injunctive Relief Only (not domestic/harassment)<br>☐ A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance(21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions<br>(Not Specified Above)<br><br>(43) | ☐ A6121  Civil Harassment<br>☐ A6123  Workplace Harassment<br>☐ A6124  Elder/Dependent Adult Abuse Case<br>☐ A6190  Election Contest<br>☐ A6110  Petition for Change of Name<br>☐ A6170  Petition for Relief from Late Claim Law<br>☐ A6100  Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

| SHORT TITLE:<br>Eli Ridge v. Infinity Sales Group, LLC | CASE NUMBER |
|---|---|

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C<br>WHICH APPLIES IN THIS CASE<br><br>☑1. ☐2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS:<br>15760 Ventura Boulevard, Suite 1915 |
|---|---|
| CITY:<br>Encino | STATE:<br>CA | ZIP CODE:<br>91436 | |

Item IV. *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the Stanley Mosk_____courthouse in the Central_____ District of the Los Angeles Superior Court (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).

Dated: July 13, 2012_____

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

---

### PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet form CM-010.

4. Complete Addendum to Civil Case Cover Sheet form LACIV 109 (Rev. 01/07), LASC Approved 03-04.

5. Payment in full of the filing fee, unless fees have been waived.

6. Signed order appointing the Guardian ad Litem, JC form FL-935, if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

---

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE (NON-CLASS ACTION)

Case Number                                                                    ♭ C 4 8 8 4 6 2

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

Your case is assigned for all purposes to the judicial officer indicated below (Local Rule 3.3(c)). There is additional information on the reverse side of this form.

| ASSIGNED JUDGE | DEPT | ROOM | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|
| Hon. Carolyn B. Kuhl | 1 | 534 | Hon. Debre Katz Weintraub | 47 | 507 |
| Hon. Michael P. Linfield | 10 | 631 | Hon. Elizabeth Allen White | 48 | 506 |
| Hon. Barbara A. Meiers | 12 | 636 | Hon. Deirdre Hill | 49 | 509 |
| Hon. Terry A. Green | 14 | 300 | Hon. John L. Segal | 50 | 508 |
| Hon. Richard Fruin | 15 | 307 | Hon. Abraham Khan | 51 | 511 |
| Hon. Rita Miller | 16 | 306 | Hon. Susan Bryant-Deason | 52 | 510 |
| Hon. Richard E. Rico | 17 | 309 | Hon. Steven J. Kleifield | 53 | 513 |
| Hon. Kevin C. Brazile | 20 | 310 | Hon. Ernest M. Hiroshige | 54 | 512 |
| Hon. Robert L. Hess | 24 | 314 | Hon. Malcolm H. Mackey | 55 | 515 |
| Hon. Mary Ann Murphy | 25 | 317 | Hon. Michael Johnson | 56 | 514 |
| Hon. James R. Dunn | 26 | 316 | Hon. Ralph W. Dau | 57 | 517 |
| Hon. Yvette M. Palazuelos | 28 | 318 | Hon. Rolf M. Treu | 58 | 516 |
| Hon. Barbara Scheper | 30 | 400 | Hon. David L. Minning | 61 | 632 |
| Hon. Alan S. Rosenfield | 31 | 407 | Hon. Michael L. Stern | 62 | 600 |
| Hon. Mary H. Strobel | 32 | 406 | Hon. Mark Mooney | 68 | 617 |
| Hon. Charles F. Palmer | 33 | 409 | Hon. Ramona See | 69 | 621 |
| Hon. Amy D. Hogue | 34 | 408 | Hon. Soussan G. Bruguera | 71 | 729 |
| Hon. Daniel Buckley | 35 | 411 | Hon. Ruth Ann Kwan | 72 | 731 |
| Hon. Gregory Alarcon | 36 | 410 | Hon. Teresa Sanchez-Gordon | 74 | 735 |
| Hon. Joanne O'Donnell | 37 | 413 | Hon. William F. Fahey | 78 | 730 |
| Hon. Maureen Duffy-Lewis | 38 | 412 | **Hon. Emilie H. Elias** | **324** | **CCW** |
| Hon. Michelle R. Rosenblatt | 40 | 414 | **Hon. Elihu M. Berle** | **323** | **CCW** |
| Hon. Ronald M. Sohigian | 41 | 417 | other | | |
| Hon. Holly E. Kendig | 42 | 416 | | | |
| Hon. Mel Red Recana | 45 | 529 | | | |
| Hon. Fredrick C. Shaller | 46 | 601 | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____   JOHN A. CLARKE, Executive Officer/Clerk

By _____, Deputy Clerk

LACIV CCH 190 (Rev. 01/12)
LASC Approved 05-06
For Optional Use

NOTICE OF CASE ASSIGNMENT —

UNLIMITED CIVIL CASE

Page 1 of 2

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the Chapter Three Rules, as applicable in the Central District, are summarized for your assistance.

### APPLICATION

The Chapter Three Rules were effective January 1, 1994. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES

The Chapter Three Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS

Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE

The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts. These matters may be heard and resolved at this conference. At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

### SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party or if appropriate on counsel for the party.

**This is not a complete delineation of the Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is absolutely imperative.**

LACIV CCH 190 (Rev. 01/12)
LASC Approved 05-06
For Optional Use

NOTICE OF CASE ASSIGNMENT –

UNLIMITED CIVIL CASE

Page 2 of 2

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

For additional ADR information and forms visit the Court ADR web application at www.lasuperiorcourt.org (click on ADR).

The plaintiff/petitioner shall serve a copy of this form on each defendant/respondent along with the complaint (Civil only).

**What is ADR:**
Alternative Dispute Resolution (ADR) is the term used to describe all the other options available for settling a dispute which once had to be settled in court. ADR processes, such as arbitration, mediation, neutral evaluation, and settlement conference are less formal than a court process and provide opportunities for parties to reach an agreement using a problem-solving approach.

There are many different kinds of ADR. All of them utilize a "neutral", an impartial person, to decide the case or help the parties reach an agreement.

**Arbitration:**
In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. *Nonbinding* arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

 **Cases for Which Arbitration May Be Appropriate**
 Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

 **Cases for Which Arbitration May Not Be Appropriate**
 If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Mediation:**
In mediation, a neutral person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

 **Cases for Which Mediation May Be Appropriate**
 Mediation may be particularly useful when parties have a dispute between or among family members, neighbors, or business partners. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

 **Cases for Which Mediation May Not Be Appropriate**
 Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Neutral Evaluation:**
In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

 **Cases for Which Neutral Evaluation May Be Appropriate**
 Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

 **Cases for Which Neutral Evaluation May Not Be Appropriate**
 Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conference:**
A settlement conference may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

LAADR 005 (Rev. 01-12)    **ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION**   Cal. Rules of Court, rule 3.221
LASC Adopted 10-03                                      Page 1 of 2
For Mandatory Use

## COURT ADR PROGRAMS

CIVIL:
- Arbitration (non-binding) (Code Civ. Proc. §§ 1141.10-1141.31, Cal. Rules of Court, rules 3.810-3.830, and Local Rules, rule 3.252 et seq.)
- Mediation (Code Civ. Proc. §§ 1775-1775.15, Cal. Rules of Court, rules 3.850-3.860, 3.865-3.872 and 3.890-3.898, Evid. Code §§ 1115-1128, and Local Rules, rule 3.252 et seq.)
    - o Civil Harassment Mediation
    - o Eminent Domain Mediation (Code Civ. Proc. §1250.420)
    - o Small Claims Mediation
- Neutral Evaluation (Local Rules, rule 3.252 et seq.)
- Settlement Conference
    - o Voluntary Settlement Conference (Local Rules, rule 3.252 et seq.)
    - o Retired Judge Settlement Conference

FAMILY (non-custody):
- Arbitration (non-binding) (Fam. Code § 2554 and Local Rules, rule 5.18)
- Mediation (Local Rules, rule 5.18)
- Settlement Conference
    - o Forensic Certified Public Accountant (CPA)
    - o Spanish Speaking Settlement Conference

PROBATE:
- Mediation
- Settlement Conference

### NEUTRAL SELECTION

Parties may select an arbitrator, mediator, or evaluator from the Party Select Panel or may hire someone privately, at their discretion. If the parties utilize the Random Select Panel, the ADR staff will assign on a random basis the name of one neutral who meets the case criteria entered on the court's website.

### COURT ADR PANELS

| | |
|---|---|
| Party Select Panel | The Party Select Panel consists of arbitrators, mediators, and evaluators who have achieved a specified level of experience in court-annexed cases. The parties (collectively) are charged $150.00 per hour for the first three hours of hearing time. Thereafter, parties may stipulate in writing for additional hearing time at the rate established by the neutral. |
| Random Select Panel | The Random Select Panel consists of trained arbitrators, mediators, evaluators, and settlement officers who make themselves available pro bono as a way of supporting the judicial system. It is the policy of the Court that Random Select Panel neutrals provide three hours hearing time per case on a pro bono basis. Thereafter, parties may stipulate in writing for additional hearing time at the rate established by the neutral. |

### ADR ASSISTANCE

For assistance regarding ADR, please contact the ADR clerk at the courthouse in which your case was filed.

| COURTHOUSE | ADDRESS | ROOM | CITY | PHONE | FAX | EMAIL |
|---|---|---|---|---|---|---|
| Antonovich | 42011 4th St. West | 1st Fl. | Lancaster, CA 93534 | 661-974-7275 | 661-945-6173 | AntelopeADR@lasuperiorcourt.org |
| Chatsworth | 9425 Penfield Ave. | 3100 | Chatsworth, CA 91311 | 818-576-8565 | 818-576-8733 | ChatsworthADR@lasuperiorcourt.org |
| Compton | 200 W. Compton Blvd. | 1002 | Compton, CA 90220 | 310-603-3072 | 310-223-0337 | ComptonADR@lasuperiorcourt.org |
| Glendale | 600 E. Broadway | 273 | Glendale, CA 91206 | 818-500-3160 | 818-548-5470 | GlendaleADR@lasuperiorcourt.org |
| Long Beach | 415 W. Ocean Blvd. | 316 | Long Beach, CA 90802 | 562-491-6272 | 562-437-3602 | LongBeachADR@lasuperiorcourt.org |
| Norwalk | 12720 Norwalk Blvd. | 308 | Norwalk, CA 90650 | 562-807-7243 | 562-462-9019 | NorwalkADR@lasuperiorcourt.org |
| Pasadena | 300 E. Walnut St. | 109 | Pasadena, CA 91101 | 626-356-5685 | 626-666-1774 | PasadenaADR@lasuperiorcourt.org |
| Pomona | 400 Civic Center Plaza | 105 | Pomona, CA 91766 | 909-620-3183 | 909-629-6263 | PomonaADR@lasuperiorcourt.org |
| San Pedro | 505 S. Centre St. | 209 | San Pedro, CA 90731 | 310-519-6151 | 310-514-0314 | SanPedroADR@lasuperiorcourt.org |
| Santa Monica | 1725 Main St. | 203 | Santa Monica, CA 90401 | 310-260-1829 | 310-319-5130 | SantaMonicaADR@lasuperiorcourt.org |
| Stanley Mosk | 111 N. Hill St. | 113 | Los Angeles, CA 90012 | 213-974-5425 | 213-633-5115 | CentralADR@lasuperiorcourt.org |
| Torrance | 825 Maple Ave. | 100 | Torrance, CA 90503 | 310-222-1701 | 310-782-7326 | TorranceADR@lasuperiorcourt.org |
| Van Nuys | 6230 Sylmar Ave. | 418 | Van Nuys, CA 91401 | 818-374-2337 | 818-902-2440 | VanNuysADR@lasuperiorcourt.org |

**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION**

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## DISPUTE RESOLUTION PROGRAM ACT (DRPA) PROVIDERS

JOHN A. CLARKE, EXECUTIVE OFFICER/CLERK                                    ALTERNATIVE DISPUTE RESOLUTION (ADR) DEPARTMENT

California Rules of Court, rule 3.221, requires counties participating in the Dispute Resolution Programs Act (DRPA) to provide information about the availability of local dispute resolution programs funded under DRPA.  For more information regarding these programs, contact the Los Angeles County Department of Community and Senior Services Contracts Administration Office at 213-738-2621.  The following is a list of the local dispute resolution programs funded in Los Angeles County.

Superior Court of California, County of Los Angeles, ADR Office 213-974-5425
www.lasuperiorcourt.org/ADR

---

**STAFF AND VOLUNTEERS OF THE FOLLOWING AGENCIES ARE NOT EMPLOYEES OF THE SUPERIOR COURT:**

---

Asian-Pacific American Dispute Resolution Center 213-250-8190 www.apadrc.org

California Academy of Mediation Professionals 818-377-7250 www.campmediation.org

California Lawyers for the Arts, Arbitration, and Mediation Service 310-998-5590
www.calawyersforthearts.org

Center for Civic Mediation 877-473-7658 213-896-6533 www.centerforcivicmediation.org

Center for Conflict Resolution 818-705-1090 www.ccr4peace.org

Centinela Youth Services, City of Hawthorne 310-970-7702 www.cys.la.org

Inland Valleys Justice Center 877-832-9325 www.ivjc.org

Korean American Coalition 4.29 Dispute Resolution Center 213-365-5999 www.kacla.org

Los Angeles County Department of Consumer Affairs, Dispute Settlement Services 213-974-0825
www.dca.lacounty.gov

Loyola Law School, The Center for Conflict Resolution 213-736-1145 www.lls.edu/ccr

Norwalk Dispute Resolution Program 562-929-5603 www.ci.norwalk.ca.us/socialservices2.asp

Office of the Los Angeles City Attorney, Dispute Resolution Program 213-485-8324
www.atty.lacity.org/mediate

---

**THE PROGRAMS LISTED ABOVE DO NOT OFFER LEGAL ADVICE OR HELP YOU RESPOND TO A SUMMONS; HOWEVER, THEY MAY ASSIST IN RESOLVING YOUR PROBLEM THROUGH MEDIATION.**

---

| NAME, ADDRESS, TELEPHONE, FAX, and E-MAIL: | STATE BAR NUMBER: | Reserved for Clerk's File Stamp |
|---|---|---|

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:
   Click on the button to select the appropriate court address.

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| STIPULATION TO PARTICIPATE IN<br>ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER: |
|---|---|

The undersigned parties in the above-titled action stipulate to participate in the Alternative Dispute Resolution (ADR) process checked below:

☐ Mediation                                    ☐ Neutral Evaluation

☐ Arbitration (non-binding)                    ☐ Settlement Conference

☐ Arbitration (binding)                        ☐ Other ADR Process (describe): _____

| Dated | Name of Stipulating Party<br>☐ Plaintiff  ☐ Cross-complainant<br>☐ Defendant  ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|---|
| Dated | Name of Stipulating Party<br>☐ Plaintiff  ☐ Cross-complainant<br>☐ Defendant  ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Dated | Name of Stipulating Party<br>☐ Plaintiff  ☐ Cross-complainant<br>☐ Defendant  ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Dated | Name of Stipulating Party<br>☐ Plaintiff  ☐ Cross-complainant<br>☐ Defendant  ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Dated | Name of Stipulating Party<br>☐ Plaintiff  ☐ Cross-complainant<br>☐ Defendant  ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Dated | Name of Stipulating Party<br>☐ Plaintiff  ☐ Cross-complainant<br>☐ Defendant  ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Dated | Name of Stipulating Party<br>☐ Plaintiff  ☐ Cross-complainant<br>☐ Defendant  ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Dated | Name of Stipulating Party<br>☐ Plaintiff  ☐ Cross-complainant<br>☐ Defendant  ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |

☐ Number of additional pages attached to this document: _____

LAADR 001 (Rev. 04-12)
LASC Approved 10-04
For Optional Use

**STIPULATION TO PARTICIPATE IN**
**ALTERNATIVE DISPUTE RESOLUTION (ADR)**

Cal. Rules of Court, rule 3.221
Page 1 of 1

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

<table>
<tr><td>NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY:</td><td>STATE BAR NUMBER</td><td>Reserved for Clerk's File Stamp</td></tr>
</table>

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):                        FAX NO. (Optional):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h.   Computation of damages, including documents not privileged or protected from disclosure, on which such computation is based;

i.   Whether the case is suitable for the Expedited Jury Trial procedures (see information at **www.lasuperiorcourt.org** under "*Civil*" and then under "*General Information*").

2.   The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation.
     *(INSERT DATE)*                                              *(INSERT DATE)*

3.   The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case.  The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.   References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____                          ➤  _____
(TYPE OR PRINT NAME)                                         (ATTORNEY FOR PLAINTIFF)

Date:

_____                          ➤  _____
(TYPE OR PRINT NAME)                                         (ATTORNEY FOR DEFENDANT)

Date:

_____                          ➤  _____
(TYPE OR PRINT NAME)                                         (ATTORNEY FOR DEFENDANT)

Date:

_____                          ➤  _____
(TYPE OR PRINT NAME)                                         (ATTORNEY FOR DEFENDANT)

Date:

_____                          ➤  _____
(TYPE OR PRINT NAME)                                         (ATTORNEY FOR _____)

Date:

_____                          ➤  _____
(TYPE OR PRINT NAME)                                         (ATTORNEY FOR _____)

Date:

_____                          ➤  _____
(TYPE OR PRINT NAME)                                         (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER: | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:                    FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a. The party requesting the Informal Discovery Conference will:

        i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

        ii. Include a brief summary of the dispute and specify the relief requested; and

        iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b. Any Answer to a Request for Informal Discovery Conference must:

        i. Also be filed on the approved form (copy attached);

        ii. Include a brief summary of why the requested relief should be denied;

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

    iii.  Be filed within two (2) court days of receipt of the Request; and

    iv.  Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied.  If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

    It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date:

_____        ➤ _____
            (TYPE OR PRINT NAME)                              (ATTORNEY FOR PLAINTIFF)

Date:

_____        ➤ _____
            (TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date:

_____        ➤ _____
            (TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date:

_____        ➤ _____
            (TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date:

_____        ➤ _____
            (TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)

Date:

_____        ➤ _____
            (TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)

Date:

_____        ➤ _____
            (TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER: | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:  FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:
   ☐   Request for Informal Discovery Conference
   ☐   Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue.  For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:  FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____)

## THE COURT SO ORDERS.

Date: _____

_____
JUDICIAL OFFICER

<u>Eli Ridge v Infinity Sales Group, LLC</u>
USDC, Central District of CA, Western Division, No. _____

## PROOF OF SERVICE

State of California        )
                            )   ss.
County of Los Angeles   )

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 400 South Hope Street, 8th Floor, Los Angeles, California  90071.

On **August 14, 2012**, I served the document described as **NOTICE OF REMOVAL** on the interested parties in this action, enclosed in a sealed envelope, addressed as follows:

> Zev B. Zysman
> Law Offices of Zev B. Zysman
> 15760 Ventura Boulevard, Suite 1915
> Encino, CA  91436
> Tel.:  (818) 783-8836
> Fax:  (818) 783-9985

**By Mail**

Following ordinary business practices, I placed the document for collection and mailing at the offices of Holland & Knight LLP, 400 South Hope Street, 8th Floor, Los Angeles, California 90071, in a sealed envelope.  I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service, and, in the ordinary course of business, such correspondence would be deposited with the United States Postal Service on the day on which it is collected at the business.


I declare under penalty of perjury under the laws of the United States that the above is true and correct and that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

Executed on **August 14, 2012**, at Los Angeles, California.

_____
Gloria Hoshiko

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge George H. Wu and the assigned discovery Magistrate Judge is Stephen J. Hillman.

The case number on all documents filed with the Court should read as follows:

## CV12- 6985 GW (SHx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

======================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)          NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself □) | DEFENDANTS |
|---|---|
| ELI RIDGE, on behalf of himself and all others similarly situated | INFINITY SALES GROUP, LLC, and DOES 1 through 100, inclusive. |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| LAW OFFICES OF ZEV B. ZYSMAN   Zev Zysman (State Bar. 176805)<br>15760 Ventura Boulevard, Suite 1915<br>Telephone: 818-783-8836 | HOLLAND & KNIGHT LLP<br>Shelley G. Hurwitz (State Bar #217566)<br>400 S. Hope St., 8th Floor<br>Los Angeles, California 90071-2040 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

□ 1 U.S. Government Plaintiff   □ 3 Federal Question (U.S. Government Not a Party)

□ 2 U.S. Government Defendant   ☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑1 | □1 | Incorporated or Principal Place of Business in this State | □4 | □4 |
| Citizen of Another State | □2 | ☑2 | Incorporated and Principal Place of Business in Another State | □5 | ☑5 |
| Citizen or Subject of a Foreign Country | □3 | □3 | Foreign Nation | □6 | □6 |

**IV. ORIGIN** (Place an X in one box only.)

□ 1 Original Proceeding   ☑ 2 Removed from State Court   □ 3 Remanded from Appellate Court   □ 4 Reinstated or Reopened   □ 5 Transferred from another district (specify):   □ 6 Multi-District Litigation   □ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☑ Yes   □ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☑ Yes   □ No   ☑ MONEY DEMANDED IN COMPLAINT: $ amount in excess of $5 million

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. Sections 1332(d), 1441, 1446, 1453. Class action complaint removed under Class Action Fairness Act ("CAFA")

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| □ 400 State Reapportionment | □ 110 Insurance | □ 310 Airplane | □ 370 Other Fraud | □ 510 Motions to Vacate Sentence Habeas Corpus | □ 710 Fair Labor Standards Act |
| □ 410 Antitrust | □ 120 Marine | □ 315 Airplane Product Liability | □ 371 Truth in Lending | □ 530 General | □ 720 Labor/Mgmt. Relations |
| □ 430 Banks and Banking | □ 130 Miller Act | □ 320 Assault, Libel & Slander | □ 380 Other Personal Property Damage | □ 535 Death Penalty | □ 730 Labor/Mgmt. Reporting & Disclosure Act |
| □ 450 Commerce/ICC Rates/etc. | □ 140 Negotiable Instrument | □ 330 Fed. Employers' Liability | □ 385 Property Damage Product Liability | □ 540 Mandamus/ Other | □ 740 Railway Labor Act |
| □ 460 Deportation | □ 150 Recovery of Overpayment & Enforcement of Judgment | □ 340 Marine | BANKRUPTCY | □ 550 Civil Rights | □ 790 Other Labor Litigation |
| □ 470 Racketeer Influenced and Corrupt Organizations | | □ 345 Marine Product Liability | □ 422 Appeal 28 USC 158 | □ 555 Prison Condition | □ 791 Empl. Ret. Inc. Security Act |
| □ 480 Consumer Credit | □ 151 Medicare Act | □ 350 Motor Vehicle | □ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| □ 490 Cable/Sat TV | □ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | □ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | □ 610 Agriculture | □ 820 Copyrights |
| □ 810 Selective Service | | □ 360 Other Personal Injury | □ 441 Voting | □ 620 Other Food & Drug | □ 830 Patent |
| □ 850 Securities/Commodities/ Exchange | □ 153 Recovery of Overpayment of Veteran's Benefits | □ 362 Personal Injury-Med Malpractice | □ 442 Employment | □ 625 Drug Related Seizure of Property 21 USC 881 | □ 840 Trademark |
| □ 875 Customer Challenge 12 USC 3410 | □ 160 Stockholders' Suits | □ 365 Personal Injury-Product Liability | □ 443 Housing/Acco-mmodations | | SOCIAL SECURITY |
| ☑ 890 Other Statutory Actions | □ 190 Other Contract | □ 368 Asbestos Personal Injury Product Liability | □ 444 Welfare | □ 630 Liquor Laws | □ 861 HIA (1395ff) |
| □ 891 Agricultural Act | □ 195 Contract Product Liability | | □ 445 American with Disabilities - Employment | □ 640 R.R. & Truck | □ 862 Black Lung (923) |
| □ 892 Economic Stabilization Act | □ 196 Franchise | IMMIGRATION | | □ 650 Airline Regs | □ 863 DIWC/DIWW (405(g)) |
| □ 893 Environmental Matters | REAL PROPERTY | □ 462 Naturalization Application | □ 446 American with Disabilities - Other | □ 660 Occupational Safety /Health | □ 864 SSID Title XVI |
| □ 894 Energy Allocation Act | □ 210 Land Condemnation | □ 463 Habeas Corpus-Alien Detainee | □ 440 Other Civil Rights | □ 690 Other | □ 865 RSI (405(g)) |
| □ 895 Freedom of Info. Act | □ 220 Foreclosure | □ 465 Other Immigration Actions | | | FEDERAL TAX SUITS |
| □ 900 Appeal of Fee Determination Under Equal Access to Justice | □ 230 Rent Lease & Ejectment | | | | □ 870 Taxes (U.S. Plaintiff or Defendant) |
| □ 950 Constitutionality of State Statutes | □ 240 Torts to Land | | | | □ 871 IRS-Third Party 26 USC 7609 |
| | □ 245 Tort Product Liability | | | | |
| | □ 290 All Other Real Property | | | | |

CV12- 06985

**FOR OFFICE USE ONLY:**   Case Number:

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

CV-71 (05/08)   CIVIL COVER SHEET   Page 1 of 2

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No  ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
                               ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
                               ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
                               ☐ D.  Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐    Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐    Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Florida - incorporated<br>Florida - principal place of business |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
     **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Los Angeles, CA |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

**X.  SIGNATURE OF ATTORNEY (OR PRO PER):** _____ Date August 13, 2012

**Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but  is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended.  (42 U.S.C. (g)) |

Eli Ridge v Infinity Sales Group, LLC
USDC, Central District of CA, Western Division, No. _____

PROOF OF SERVICE

State of California            )
                               )        ss.
County of Los Angeles          )

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 400 South Hope Street, 8th Floor, Los Angeles, California  90071.

On **August 14, 2012**, I served the document described as **CIVIL COVER SHEET** on the interested parties in this action, enclosed in a sealed envelope, addressed as follows:

> Zev B. Zysman
> Law Offices of Zev B. Zysman
> 15760 Ventura Boulevard, Suite 1915
> Encino, CA  91436
> Tel.: (818) 783-8836
> Fax:  (818) 783-9985

**By Mail**

Following ordinary business practices, I placed the document for collection and mailing at the offices of Holland & Knight LLP, 400 South Hope Street, 8th Floor, Los Angeles, California 90071, in a sealed envelope.  I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service, and, in the ordinary course of business, such correspondence would be deposited with the United States Postal Service on the day on which it is collected at the business.

I declare under penalty of perjury under the laws of the United States that the above is true and correct and that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

Executed on **August 14, 2012**, at Los Angeles, California.

_____
Gloria Hoshiko

Infinity Sales Group, LLC - Eli Ridge
122544-7