JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELI RIDGE, on behalf of himself and all others similarly situated, ,<br><br>　　　　　Plaintiffs,<br><br>　vs.<br><br>INFINITY SALES GROUP, LLC, and DOES 1 through 100, inclusive,<br><br>　　　　　Defendants. | CASE NO.  CV 12-6985-GW(SHx)<br><br>**FINAL ORDER APPROVING CLASS ACTION SETTLEMENT AND JUDGMENT** |

## FINAL APPROVAL ORDER AND JUDGMENT

The Court conducted a hearing regarding the fairness and final approval of the Settlement Agreement and Plaintiff's Unopposed Application for Approval of Attorneys' Fees and Costs and Class Representative's Service Payment in this action on July 24, 2014, at 8:30 a.m., the Honorable George H. Wu presiding. The parties appeared by and through their respective counsel of record.

After considering the papers and the arguments of counsel, as well as any papers filed by objectors, and good cause appearing, the Court GRANTS Plaintiff's Motion for Final Approval and Judgment, and Plaintiff's Application for Attorneys' Fees and Costs and Class Representative's Service Payment, and rules as follows.

1

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. The revised Settlement Agreement and Release (hereafter, the "Settlement Agreement"), previously filed with the Court on January 21, 2014 and the Amendment to the Settlement Agreement filed on March 3, 2014, and all definitions set forth therein are hereby incorporated with and made part of this Final Order Approving Class Action Settlement and Judgment ("Final Order and Judgment").

2. This Court has jurisdiction over the subject matter of this Action and all parties to this Action, including the settlement Class Members, as defined in Section 1 of the Settlement Agreement. Specifically, the members of the Class that are subject to this Final Order and Judgment are all persons who, while in California (1) placed one or more telephone calls to Infinity between July 16, 2011 and July 18, 2012, spoke with a representative on behalf of Infinity, and were not provided with the Monitoring Disclosure; and/or (2) received one or more telephone calls from Infinity between July 16, 2011 and July 18, 2012, spoke with a representative on behalf of Infinity, and were not provided with the Monitoring Disclosure. The Class only includes those persons whose calls to or from Infinity were recorded by Infinity. The Class excludes Class Counsel and any of their immediate family members and the Honorable George H. Wu, and employees of Infinity.

3. The Settlement Agreement, and the terms set forth therein, are hereby found and determined to be fair, reasonable, and adequate, and are hereby approved and ordered to be performed by all parties. Infinity shall have no liability to Class Members or any other persons, for any acts performed in connection with the administration of the Settlement Agreement, including, but not limited to, the requirement that Class Members provide information in order to qualify as Authorized Claimants.

2

4. The Court finds that the form, manner and content of the notice described in the Settlement Agreement provided a means of notice reasonably calculated to apprise the Class Members of the pendency of the action and the proposed settlement, and thereby met the requirements of Rule 23(c)(2) of the Federal Rules of Civil Procedure, as well as due process under the United States Constitution, California State Constitution and any other applicable law, and constituted due and sufficient notice to all Class Members entitled thereto. Specifically, individual notice was provided to Class Members by regular mail where available, and class notice was provided to all potential Class Members by publishing such notice on the Settlement Website.

5. The Court finds that Infinity properly and timely notified the appropriate officials of the Settlement Agreement, pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

6. This Final Order and Judgment applies to all claims or causes of action settled under the terms of the Settlement Agreement, and shall be fully binding with respect to all Class Members who did not properly request exclusion pursuant to the Order Granting Preliminary Approval of Class Action Settlement entered by this Court on February 28, 2014.

7. Representative Plaintiff Eli Ridge and all Class Members who did not properly request exclusion are barred and permanently enjoined from asserting, instituting, or prosecuting, either directly or indirectly, any claims released under the Settlement Agreement which they had, or have, to the extent provided in the Settlement Agreement. All claims of Representative Plaintiff and all Class Members shall be conclusively deemed released and discharged as to Infinity, and its related entities, to the extent provided in the Settlement Agreement.

8. Infinity shall fund the Common Fund in the amount of $863,000.00 on or before September 8, 2014. The Claims Administrator shall conduct all

3

administration of the Common Fund in accordance with the Settlement Agreement. The Claims Administrator shall prepare and issue all disbursements, and any remaining funds shall be remitted by way of a cy pres award to The Institute for Innovation Law & The UC Hastings/UCSF Consortium, an organization as described in the Settlement Agreement.

9. The Claims Administrator shall issue the appropriate Settlement Amount from the Common Fund to each Class Member who has submitted a valid and timely claim, after subtraction of the claims administration and class notice payment, the Class Counsel Fees and Cost Award, and the Class Representative's Compensation as specified below. Other than its obligation to fund the Common Fund, Infinity shall have no liability whatsoever for the cost of claims administration.

10. All claims asserted by Class Representative and the Class Members in this Action are hereby dismissed with prejudice.

11. The Court finds that Class Counsel are qualified to represent the settlement Class. The Court hereby grants Class Counsel's request for an award of attorneys' fees in the total amount of $215,750.00 and costs in the total amount of $6,542.83 (together "Attorneys Fees and Costs Award") to be paid from the Common Fund within 5 days after September 8, 2014. The Court finds that the amount of this award is fair and reasonable in light of Class Counsel's experience and the efforts expended by Class Counsel in prosecuting this Action and the results obtained, including the common fund recovery for the Class.

12. The Court finds that it is fair and reasonable for the Class Representative to be paid a one-time enhancement award of $5,000.00 in light of (a) Class Representative's risks (including financial, professional, and emotional) in commencing this action; (b) the time and effort spent by Plaintiff in litigating this Action; and (c) Class Representative's public interest service. This payment shall be made out of the Common Fund within 5 days after September 8, 2014.

4


13. The Court approves payment to the Claims Administrator to be paid out of the Common Fund for all expenses incurred in providing notice to the Class and administering the Settlement in the amount of $78,133.00.

14. Without affecting the finality of this Final Order and Judgment in any way, the Court hereby retains continuing jurisdiction over the parties for the purpose of construing, enforcing and administering this Final Order and Judgment, and the terms of the Settlement Agreement.

**IT IS SO ORDERED.**

**THE CLERK TO ENTER JUDGMENT FORTHWITH.**

Dated: July 30, 2014

_____
Honorable George H. Wu
United States District Court Judge